The Town of Tipton v. Norman, *Appellant.*

1. **Municipal Ordinance**: WORK ON STREETS. A town charter authorized the town to require all male citizens between the ages of twenty-one and fifty to work on the streets. An ordinance was passed by the council imposing this duty only upon those between twenty-one and forty-five. *Held*, that it was not void because it did not include those between forty-five and fifty.

2. ————: WHAT CONSTITUTES. Where the powers conferred upon a town are to be exercised by ordinances to be passed by the town council, an order or resolution adopted by the council and entered on its records, will be, in point of form, a valid exercise of a power.

3. ————: WORK ON STREETS: DELEGATION OF LEGISLATIVE POWER. A town charter authorized the town council to require the citizens to work

The Town of Tipton v. Norman.

on the streets in such manner as the council might prescribe by ordinance, not exceeding ten days in each year. *Held*, that it was not necessary for the ordinance to fix the precise number of days that each man should be required to work; this might be left to the overseer of streets, without infringing the rule against the delegation of legislative power.

4. ——— ; ——— : POWER TO IMPOSE PENALTIES. The power to require work to be done upon the streets as by ordinance the council may prescribe, implies the power of imposing penalties for a failure to work.

5. ——— : RE-ENACTMENT. If an ordinance be re-enacted, but not re-published as required by charter, the original ordinance remains in force.

6. **Proof of Ordinances.** Books which purport to contain the charter and ordinances of a town and are shown to be in the custody of the town clerk, will be received in evidence without further attestation.

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED.

*Draffen & Williams* for appellant.

*G. T. White* for respondent.

HENRY, J.—The town of Tipton sued Norman before a justice of the peace to recover $3.75, for his refusal to work on the streets of the said town, after having been notified by the overseer of streets to perform said work, which refusal, under the ordinance of the town, subjected him to the payment of $1.25 for each day that he failed to work, as required by the warning. The cause was tried before a justice of the peace, and, from a judgment in favor of plaintiff, the defendant appealed to the circuit court, in which plaintiff again had judgment for $3.75, from which the defendant has appealed to this court.

By the original charter of the town of Tipton, power was given to the council to appoint an overseer of streets and prescribe his duties and cause all able-bodied men be-

tween the ages of twenty-one and forty-five, to work on the streets, in such manner as they, by ordinance, might prescribe, not exceeding ten days in each year. This act was approved January 10th, 1860. On the 2nd day of August, 1866, the council passed the ordinance in question, requiring all able-bodied male inhabitants of the town between the ages of twenty-one and forty-five, who had resided in the town one month, to work on the streets, not exceeding ten days in each year, when properly required so to do, and providing that any person notified, failing to work, should forfeit $1.25 for each day, to be recovered by an action before a justice of the peace. Defendant objected to this ordinance, that it was adopted before the council had authority to pass it, and that it was in conflict with the charter. In 1868 the charter was amended so as to authorize the council to require all able-bodied men between the ages of twenty-one and fifty, to work on the streets, and on the 5th day of February, 1872, an ordinance was passed by the council re-ordaining the ordinance passed in 1866, without amendment, and providing that this re-ordaining ordinance should take effect, and be in force, from and after its passage and publication. Defendant objected to this ordinance that it had not been published at the commencement of this suit. The plaintiff read as evidence, from the record of the council, the following order, made 11th day of September, 1876, by the council: "On motion, the town overseer of streets was authorized to notify all males, subject to be called out to work the streets, to be ready to work three days at once." Defendant's objection to this was, that it was an attempt to do by motion what could only be done by ordinance.

The first point made by appellant is, that the charter of 1868 required all male citizens between the ages of 1. MUNICIPAL ORDI- twenty-one and fifty to work on the streets, NANCE: work on streets. while the ordinance in question imposed the duty only on those between twenty-one and forty-five; that it "was a tax payable in work, and inasmuch as the

ordinance exempted parties who were liable and threw the burden on others, it was void." He cites, in support of this proposition, 2 Dillon on Munic. Corp., §§ 604, 622. The author does not announce that doctrine, but on the contrary, says, that " the grant in the charter of a city, of the power to require road labor from all male residents between certain ages, is not an infringement of the provision of the State constitution which requires that the mode of levying a tax shall be by valuation so that every person shall pay a tax in proportion to the value of his property." If the view contended for by appellant be correct, no one of any age, or sex, could be exempted from the duty of working on streets. Neither the amended charter of 1868, nor the original charter, required the council to impose the duty of working the streets on all persons between the ages specified therein, but its effect is to exempt from such labor, persons under and over the specified ages, and leave it to the council to determine the class between these ages, which should perform the labor.

The position that the ordinance requiring the citizens to work, not exceeding ten days, and leaving it to the overseer to say whether it should be one, or nine, thus delegating to him a power to be exercised by the council, is invalid, because an attempt to delegate the power of the council to the overseer, need not be noticed further than to observe that, conceding the position to be correct, the council did, by an order, which was in substance and effect an ordinance, require three days' service of each citizen liable to work, and under this order the defendant was notified and refused.

2. ——: what constitutes.

It is insisted that this motion, or order, is insufficient, the charter requiring it to be done by ordinance, and *Thomson v. The City of Boonville*, 61 Mo. 282, is relied upon. By the charter of the city of Boonville, the mayor and council had power to pass ordinances and among other powers conferred was that of regulating, paving and improving the streets, by ordinance. The council, without any ordi-

nance to authorize it, appointed three of its members to change the grade of the street in front of Thomson's property. This court held that it required the passage of an ordinance to accomplish that object; but the question we are now considering was not then before the court, nor is there anything in the opinion bearing upon it. By the charter of the town of Tipton, all legislative authority was vested in the council. Where the power to make ordinances and by-laws was general, and no form in which these should be enacted or passed was prescribed, it was held that an ordinance containing a prohibition and annexing a penalty was valid, notwithstanding it purported by its terms to be a resolution. In substance, it was an ordinance or regulation, and the form in which it was passed did not make it void. *First Municipality v. Cutting*, 4 La. An. 335, cited in Dillon on Munic. Corp., § 244.

But we also think the objection to the principal ordinance untenable. The council had, by that ordinance, in 3. ——: work on compliance with the charter, fixed the maxi-
streets: delega-
tion of legislative mum number of days for which citizens
power. might be called out to work the streets, and the authority given to the street overseer to determine when, within the year, and at what place, the ten days or less number of days work should be done from time to time, was not the delegation of legislative power, but a necessary provision for the convenient and proper performance of the work contemplated. It could not have been intended that every time a sewer, culvert or street in any manner needed repair, the overseer should wait for the council to pass an ordinance before proceeding to repair it, or that on every such occasion the council should meet and pass an ordinance fixing the number of days that the citizens should be called out to work on such repairs.

No proof of publication of the ordinance after it was re-ordained in 1872, was made. It had been in force and the people of the town of Tipton had been working under it for ten years, when the defendant's refusal to work oc-

curred, and nearly four years after it was re-ordained. That it was when first adopted, properly published is not disputed, and under the original charter of 1860, the council had power to pass it.

The power to require all able-bodied male inhabitants to work the streets in such manner as by ordinance the council might prescribe, implies the power of enforcing that ordinance by the imposition of penalties for a failure to discharge the duty imposed. An ordinance would be a dead letter, if the corporation were left without any power to enforce its observance. The amendment of 1868 was a more specific declaration of the power, which had been conferred, in general terms, by the original charter.

<span style="float:left">4. ——: ——: power to impose penalties.</span>

As no change was made in the ordinance in 1872, but it was simply and unnecessarily re-enacted, there was no necessity for a republication. "A provision in a statute changing an incorporated town into a city, that the existing town ordinances shall remain in full force, provided they shall be recorded within four months thereafter, is merely directory, and such ordinances are valid, though not recorded within the designated period." Dillon on Munic. Corp., § 269.

<span style="float:left">5. ——: re-enactment.</span>

The only remaining point which we deem it necessary to consider, is the objection made by defendant to the reading from the books containing the charter and ordinances of said town, the ordinance in relation to the street overseer, the ordinance re-enacting that ordinance, an ordinance appointing P. P. Williams overseer of streets, and the order authorizing the overseer to call out all males made liable by the ordinance, to work the streets three days. These books of charters and ordinances were and had been continuously in the custody of the town clerk of said town and "are recognized by law because they are required to be kept, because the entries in them are of public interest and notoriety, and because they are made under the sanction of an oath of office, or

<span style="float:left">6. PROOF OF ORDINANCES.</span>

25—72

at least under that of official duty." Dillon on Munic. Corp., § 484. And when produced from the proper repository, they are received as evidence, without further attestation. Ib., § 485. The instructions given substantially accorded with the views herein expressed, and fully presented the law of the case, and as there was no error in refusing any of those asked by defendant, the judgment is affirmed.