CITY OF ROCKVILLE, Respondent, v. JAMES T. MERCHANT, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Municipal Corporations:** ORDINANCE VOID IN PART, VALID IN PART. If the illegal provisions of an ordinance are separable and distinct from the valid, so that the good may be enforced without the aid of the bad, the legal provisions will be given effect.

2. **Definitions:** BUTCHER: ORDINANCE. A butcher is one who slaughters animals or dresses their flesh for market, but an ordinance may use the word in a broader sense, as, the keeper of a meat market; and, in this case, that was the evident intention of the ordinance.

3. **Evidence:** ORDINANCE: SECONDARY. An ordinance registered in a regular record book of ordinances preserved and kept for years by the city clerk, is primary evidence; but in this case, as the original paper which passed the council was burned, said book was, at least, good secondary evidence.

4. **Municipal Corporations:** PASSAGE OF ORDINANCE: JOURNAL ENTRY. The journal of a board of aldermen reads: "Ordinance No. 7, concerning butchers and meat wagons, passed to a third reading and put upon its passage," with a recitation that all the members voted yes, shows that the ordinance was read a third time before final passage.

5. ———: ORDINANCE: REGULARITY. The validity of an ordinance will not be questioned because of a mere departure from the forms prescribed for its passage, unless the charter makes such formality vital.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Graves & Clark* for appellant.

(1) The purported copy of ordinance number 7 is void upon its face, because it is unreasonable in its terms, by prohibiting the mere driving of a meat wagon within the city limits. (2) Granting that the plaintiff showed by competent testimony that there was such an ordinance as ordinance number 7 on page 24 of the abstract of record, and that defendant sold meat as certified to by the witnesses, defendant's instructions in the nature of a demurrer should have been given. R. S., sec. 1589. Now this statute gives the city authority to pass an ordinance regulating butchers, meat markets and meat wagons. These three terms have no special legal definition but must be taken in the ordinary acceptance of their meaning. The crime imputed to this defendant is that of selling fresh meat. The purported ordinance is one making it unlawful for him to engage in the occupation of a butcher. The evidence did not show that he was doing any of the things done by a butcher, and the demurrer should have been sustained. R. S., sec. 1589. (3) The court erred in permitting the purported copy of ordinance number 7 to be read to the jury. It was shown that the original bill had been copied in a book and then recopied in that book. A copy of a copy is inadmissible in evidence. Wharton's Criminal Evidence, sec. 202; Wharton's Law of Evidence, sec. 133; *Fort v. Bentley*, 44 N. Y. 171; *Everingham v. Roundell*, 2 M. and Rob.

138; *Liebman v. Pooley*, 1 Stark. R. 167. (4) Grant-
ing that plaintiff's evidence shows that in 1884, such
an ordinance as the one in question was passed by the
board of aldermen, they have not established the con-
text of such ordinance by any competent evidence.
Section 4846, Revised Statutes of 1889, provides only
two ways of proving an ordinance. *First.* By printed
copy purporting to be published by authority. *Second.*
By manuscript or printed copy of such ordinances, cer-
tified under the hand of the officer having the same in
lawful custody, with the seal of such city or town
annexed. Mr. Greenleaf, in his work upon Evidence,
says: "In regard to private statutes, resolutions, etc.,
the only mode of proof known to the common law, is
either by means of a copy, proved on oath to have been
examined by the roll itself; or, by an exemplication
under the great seal." Greenleaf on Evidence [13 Ed.],
secs. 480, 500, 501. The court erred in admitting this
evidence. Wharton's Criminal Evidence, secs. 178 and
202; Wharton's Law of Evidence, secs. 94 and 95;
1 Greenleaf on Evidence [13 Ed.], sec. 508; *McGinnis v.
Sawyer*, 63 Pa. St. 259.

*Boxley & Horn* for respondent.

(1) The ordinance introduced in evidence is not
"void upon its face, because it is reasonable in its terms
by prohibiting the mere driving of a meat wagon within
the city limits," as is contended by appellant. *City of
St. Louis v. Railroad*, 89 Mo. 44; 17 Am. and Eng.
Encyclopedia of Law, p. 265. (2) The defendant's
demurrer to the evidence was properly overruled. R.
S. 1889, sec. 1589. (3) The court committed no error
in permitting the copy of ordinance number 7 to be
read to the jury. The evidence showed that the orig-
inal ordinance as passed had been burned. Wharton's

Criminal Evidence [8 Ed.], sec. 207; Wharton on Evidence, sec. 142. *McConey v. Wallace*, 22 Mo. App. 377; *Henry v. Deviney*, 101 Mo. 378; *Borton v. Morrain*, 27 Mo. 237. That is sufficient excuse for his absence. Wharton's Criminal Evidence [8 Ed.], sec. 211. (4) Where the proof shows the document to be lost, its contents may be proven by any secondary evidence. The best that is shown to be accessible from the nature of the case. Greenleaf on Evidence, [13 Ed.], sec. 509; *Tipton v. Norman*, 72 Mo. 380; *Abel v. Stimple*, 31 Mo. App. 86; *Ridgeway v. Kennedy*, 52 Mo. 24; 7 Am. and Eng. Encyclopedia of Law, p. 111.

GILL, J.—The defendant was tried in the circuit court and found guilty of having prosecuted the occupation of a butcher in Rockville, without having procured a license therefor, as provided by an ordinance, and has appealed to this court.

1. It is first objected that the ordinance is void on its face, because unreasonable, in that it exacts a license for merely *driving a meat wagon* within the town limits. Section 1 of the ordinance reads: "It shall not be lawful for any person in this city to engage in, or carry on, by himself or agent, the business or occupation of a butcher, *or the driving within this city of a meat wagon*, until he shall have obtained a license tax therefor and paid the license tax thereon, as provided in this ordinance." We italicize the alleged objectionable feature. Admitting that it is unreasonable to prohibit the driving a meat wagon through or into the city, yet such illegal provision should not invalidate the entire ordinance. The rule is well settled, that where the illegal provisions of an ordinance are separable and distinct from the valid, so that the good may be carried out and enforced without the aid of the bad, then the entire ordinance will not be condemned,

but its legal provisions will be given effect. "A law or ordinance may be valid in part and void in part." *St. Louis R'y Co. v. Railroad*, 105 Mo. 577–590, and cases cited; 1 Dill. Mun. Corp. [4 Ed.], sec. 421.

2. It is next contended that there was no evidence tending to prove that defendant conducted a butcher business in Rockville, and that, therefore, the court should have sustained a demurrer and peremptorily instructed the jury to acquit the defendant. From the testimony of the various witnesses, it appears that defendant ran a grocery and meat store, selling fresh meats at retail to the residents of Rockville. But there was no direct evidence that he slaughtered the animals from which the fresh meat was obtained. Hence it is claimed that defendant was not prosecuting the business of *butcher*, but that of a *meat market;* that the ordinance which he was.charged with violating was directed against the occupation of a *butcher*, and not against conducting a *meat market*.

Rockville, as a city of the fourth class, was, by the statute, authorized "by ordinance * * * to levy and collect a license tax on * * * butchers, meat markets, meat wagons, etc." In pursuance of this power, the ordinance in question was passed, providing in section 1 (quoted in the foregoing paragraph) for licensing butchers. Section 2 of the ordinance explains what the city's lawmakers meant by "butchers," or by the class of persons they sought to regulate. "Sec. 2. A butcher is one who sells fresh meat of cattle, hogs or sheep in any quantities less than one quarter of a beef or whole carcass of a sheep or hog at any stand or place of business."

A "butcher," as defined by Webster, is "one who slaughters animals or dresses their flesh for market; one whose occupation is to kill animals for food." So,

then, while it is quite usual to designate one conduct-
ing a meat shop as a *butcher*, yet it is, perhaps,
improper, and it would be more correct to say that he
who slaughters the animals and prepares them for
market is the *butcher*, while he who sells the flesh at a
store, shop or stall, is the keeper of a meat market.
While now the ordinance in question uses the word
*butcher*, it was clearly intended to regulate and license
the vending of meat, or meat markets, and not the
occupation of butchers (strictly defined). Since, then,
the meaning of the ordinance is obvious, and since it
seeks to license *meat markets*, which, by its charter,
the city authorities have power to do; and since the
evidence tended to prove the defendant guilty of violat-
ing the provisions of said ordinance, in that he habit-
ually sold fresh meats at his place of business, we
think the trial court properly overruled the demurrer
to the evidence.

3. Lastly, it is contended that the existence of
the alleged ordinance was not properly shown. Not-
withstanding the many technical objections interposed,
we think the point is without merit. The ordinance,
as introduced, appeared in a regular record book of
ordinances, preserved and kept for years by the city
clerks, the legal custodians thereof. Such registered
ordinance, then, was primary evidence thereof. 1 Dill.
Mun. Corp. [4 Ed.], sec. 422; *Tipton v. Norman*, 72
Mo. 380–385; Horr & B. Mun. Ord., sec. 185.

But, even conceding that the original manuscript
(the instrument passed by the board of aldermen), was
the proper and only proof of the ordinance, and then
there was abundant, if not conclusive, proof that such
instrument had been accidentally destroyed by fire, so
as to let in secondary evidence of its contents. After
the ordinance was adopted, and before this trial, a fire
occurred in the building where the town records and

papers were kept. Some of the original ordinances and papers were there destroyed, and the evidence is quite convincing that this one, relating to the regulation of meat markets, was among those burned. The proof, too, is equally convincing that the instrument used at the trial was a correct copy of the original so destroyed.

Counsel further complain that the court excluded a portion of the town records, offered by defendant, which, it is claimed, tended to prove that the ordinance in question was passed before its third reading. It is a sufficient answer to this objection to say that the minutes of the council meeting had no tendency to prove that fact. The journal reads: "Ordinance number 7, concerning butchers and meat wagons, passed to a third reading and put upon its passage;" and then recites that all the members voted *yes*. This language clearly indicates that the ordinance was read the third time before final passage, as required by the statute. R. S. 1889, sec. 1597. The exclusion, then, of this record resulted in no harm to defendant. Besides, it seems to be settled law, that the validity of an ordinance will not be questioned because of a mere departure from the forms described in the charter for the passage thereof (such as that the ordinance shall be read three times before its passage), unless declared void in the charter, if such direction is not followed. *St. Louis v. Foster*, 52 Mo. 513. Neither was there any error in the instructions, of which defendant has any right to complain. If there was error in plaintiff's number 1, the same appears in number 3, given at defendant's request.

Judgment affirmed. All concur.