# Smith v. Court of County Commissioners.

*Contest over Tax Assessment.*

1. *Constitutionality of act for the improvement of roads and bridges in Marshall county ; special tax.*—Section 3 of an act "for the improvement of roads and bridges in Marshall county, Alabama," (Acts of 1896-97, p. 1228), providing for the levy of a special tax for the benefit of the public roads of Marshall county in a stated, fixed amount, upon all road wagons and other vehicles, irrespective of their value, is unconstitutional and void. as being violative of the constitutional mandate, that "All taxes levied on property in this State shall be assessed in the exact proportion to the value of such property," (Const., Art. XI, § 1).

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

On July 20, 1897, appellant, a resident citizen of Marshall county, made return to the tax assessor of said county of a list of all his property subject to taxation for the year 1897. Among the items of property thus returned was a wagon. Upon this return, the assessor entered upon his book of assessments, an assessment against appellant of his taxes for said year. Among the taxes so assessed was a special tax of one dollar on said wagon, the assessor claiming authority to make the same under section 3 of an act passed February 18th, 1897. (Acts 1896–97, p. 1228.) Appellant, therefore, moved the commissioners court, while sitting as a court of equalization, to strike out said special tax of one dollar on said wagon, alleging the unconstitutionality of the law under which said assessment was made. The commissioners court overruled said motion, whereupon the case was removed to the circuit court by *certiorari.* In the circuit court a judgment was rendered affirming the action of the commissioners court. From this judgment of the circuit court the present appeal is taken, and the rendition thereof is assigned as error.

[Smith v. Court of County Commissioners.]

O. D. STREET, for appellant.—Section 3 of the act "for the improvement of roads and bridges in Marshall county, Alabama," (Acts of 1896–97, p. 1228) is clearly violative of section 1, Article XI of the State constitution. It is a direct tax upon property, without regard to its value. It is not, in any sense, a privilege or license tax, but a tax on the property itself, and is, therefore, void. *West. Union Tel. Co. v. Board of Assessment,* 80 Ala. 273 ; *Clark v. Mobile,* 67 Ala. 217 ; Constitution of Alabama, Art. XI, § 1, and cases cited.

No counsel marked as appearing for appellee.

HEAD, J.—Section 1, Art. XI of the constitution reads as follows : "All taxes levied on property in this State shall be assessed in exact proportion to the value of such property ; *Provided, however,* the General Assembly may levy a poll-tax, not to exceed one dollar and fifty cents on each poll, which shall be applied exclusively in aid of the public school fund in the county so paying the same."

Section 3 of the act, "For the improvement of roads and bridges in Marshall county, Alabama," (Acts, 1896-97, p. 1228), reads as follows : "There is hereby levied a special tax for the benefit of the public roads upon the following described property, towit : On each log wagon $2.00 per annum ; on each buggy, phaeton, stage coach or other carriage for the conveyance of persons, $2.00 ; on each road wagon, bicycle or other vehicle, $1.00. Said tax shall be assessed and collected as other taxes but be kept separate and be paid into the 'road fund' of the county. The owner of any wagon may pay said tax in money or by working the same upon the public roads for two days in the year under the direction of the road overseer or contractor, taking a certificate showing the work done."

We have no brief for the appellee, and do not know by what reasoning or argument an agreement between the two provisions is by them sought to be sustained. To our minds, it seems to be scarcely capable of controversy that the section of the act, if it were enforceable, authorizes the levy of a kind of special taxes on vehicles which is in open and direct violation of the express terms of the constitutional provision. It is plainly and un-

equivocally a tax on property, and the sum of the tax laid upon all vehicles, in a given class, is the same without regard to the *value* of the vehicle. A wagon worth $10 is taxed the same as one worth $100. We cannot possibly do otherwise than declare said section 3 of the act to be in violation of the provision of the constitution, and that appellant was entitled to have the tax of $1.00, which was specially assessed upon his wagon, stricken from his assessment.

The case does not come within the principle of *Mayor etc. v. Klein,* 89 Ala. 461, which authorizes local assessments upon real estate in a town or city abutting upon streets or sidewalks for the expense of paving the street or sidewalk in front of the property. That rule applies to real property specially benefitted by the particular improvement made to its front, and the assessment is regulated by the degree or proportion of such special benefit. The tax here authorized was general upon all vehicles of the designated kinds in the county and was for the purpose of raising a common fund for the improvement of all roads and bridges in the county. No special benefit accrued to any one. For a full discussion of this whole subject and collection of authorities touching the validity of local special assessments in view of constitutional provisions such as ours, see the exhaustive article on Taxation in 25 Am. & Eng. Ency. Law, p. *et seq.*

We do not consider that the other constitutional objections taken by appellant to the whole and certain other parts of the act are, in view of the conclusion above stated touching section 3, now legitimately before us for consideration. His grievance being fully redressed by striking section 3 from the act, as unconstitutional, it does not now concern him whether the other provisions of the act are amenable to other constitutional objections or not. Courts never properly enter upon the investigation of the validity of acts of a coordinate department of the government until forced to do so by the necessities of the case under review.

Reversed and judgment here rendered striking the said special assessment of $1.00 on appellant's wagon from his assessment list of taxes assessed against him for the year 1897, and forbidding the collection thereof.

Reversed and rendered.