# Allman *v.* City of Mobile.

*Violating City Ordinance.*

(Decided June 10, 1909.—50 South. 238.)

1. *Municipal Corporations; Sanitary Relations; Ordinances.*— Ordinance No. 830, requiring all persons owning property, any part of which abuts on a street in which a sewer is laid, to connect therewith, and fixing a penalty for failure to do so, in so far as it relates to residence property, located on streets in which there is a sewer, equipped with open pit vaults, is not in conflict with ordinance 829, forbidding connection of such vaults with the sewers.

2. *Same.*—Ordinance No. 824, city of Mobile, regulating sewer connections, applies only in cases where parties voluntarily request permission to connect their premises with the city sewerage system, and does not conflict with ordinance 830 as amended.

3. *Same; Delegation of Power.*—Ordinance 830, city of Mobile, is not objectionable as delegating to the plumbing inspector power to determine who are subject thereto, since it makes it his imperative duty to require all persons of a certain class to comply therewith; nor is it invalid as a delegation of legislative power to the plumbing inspector.

4. *Statutes; Title; Plurality of Subjects.*—It matters not how numerous the subjects stated in the title of an act and the provisions of the act, if they can by fair intendment be considered as falling within the general subject embraced in the act, and under such conditions the act is not violative of the constitutional provisions that no law shall embrace more than one subject which shall be clearly expressed in the title.

5. *Same.*—The Act of March 12, 1907, (General Laws 1907, p. 398.) is not violative of the constitutional provision that, no law shall contain more than one subject, which must be clearly expressed in the title.

6. *Constitutional Law; Police Power; Improvement of Property.*— The Act of March 12, 1907, (General Laws 1907, p. 398) is a valid exercise of the police power, and not invalid as compelling the improvement of property against the will of the owner.

7. *Municipal Corporations; Ordinances; Powers.*—A city which is authorized by General Laws 1907, p. 398, to construct sewers and compel connections therewith, is thereby authorized to prescribe necessary and reasonable ordinances for carrying out such purposes.

8. *Same; Reasonableness.*—Ordinance No. 830, city of Mobile, was a reasonable exercise of the power vested in the city.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

[Allman v. City of Mobile.]

Eliza J. Allman was convicted for a violation of ordinance 830, of the city of Mobile, and appeals from the judgment. Affirmed.

BROOKS & STOUTZ, for appellant. Ordinance 830 was void in that another ordinance was in force which expressly forbid under penalty that which defendant is here prosecuted for not doing.—Ordinance No. 829; *Phila v. Prov. T. Co.*, 132 Pa. St. 224. The city may look to results obtained but may not impose restrictions on the manner of the work or the personnel of the workmen so as to increase the cost.—*Inge v. Bd. of Pub. Wks.*, 135 Ala. 187; *People v. Colla*, 82 Am. St. Rep. 605; 29 R. A. 80. The ordinance is an improper delegation of legislative power to an administrative officer, and is void because the city has no power to compel connection with the sewerage. The act is void as containing subjects not expressed within the title.— *Ballantyne v. Wickersham*, 75 Ala. 533; *Builders P. & S. Co. v. Lucas*, 119 Ala. 202. There is no connection between plumbing and municipal drainage. The sewer does not run in front of the tenant's property so that connection can be made on terms uniform with the rest of. the public, and is, therefore, unlawfully discriminating.—21 A. & E. E. Ency. of Law, 983.

B. B. BOONE, for appellee. The city had plenary power to do the things here attempted.—General Laws 1907, p. 398. Clearly the city had power to say that only competent men should do this work of plumbing.— *Inge v. Bd. of Pub. Wks.*, 135 Ala. 187. A statute will not be declared unconstitutional unless no doubt exists on the subject.—*Mobile D D. Co. v. City of Mobile*, 146 Ala. 198.

DENSON, J.—This appeal is from a final judgment, rendered by the city court of Mobile against the appellant, Mrs. Allman, for the violation of an ordinance of the city of Mobile, in that she failed to connect her property with the sanitary sewers of that city after notice so to do. The case was tried in the city court on an agreed statement of facts, and it is not contended that appellant was wrongfully convicted if the ordinance under which she was tried is a valid one.

The ordinance involved is No. 830 as amended, and is in this language: "It shall be the duty of the plumbing inspector, or of an authorized inspector acting under the plumbing inspector, to order, in writing, all persons, associations, and corporations, owning property any part of which abuts a street in which a sewer is laid, to connect all closets, urinals, sinks, lavatories, laundry tubs, bath tubs, and fixtures of whatsoever kind and character from which water is wasted, with said sewer in said street, and any person, association, or corporation failing or refusing to make said sewer connection for a period of thirty days after such notice shall be guilty of a breach of this section, and on conviction shall be punished as hereinafter provided. Said notice may be served upon a person or left at residence or place of business." This ordinance was approved June 17, 1907. The facts show that the defendant's property is used by her as a residence, and that at the time notice was served upon her to connect with the sewer there was in use on the premises an open pit privy vault.

In view of this condition of the property, it is insisted that Ordinance No. 830 is void, because another ordinance (No. 829) forbids the connection of such a privy vault with the city sewers. We do not think there is merit in this contention, or that there is conflict be-

tween the two ordinances, even should it be conceded that Ordinance No. 830 is not a later expression of the legislative intention than Ordinance No. 829. It may be that Ordinance No. 829 forbids an owner of property to voluntarily, or without first obtaining permission from the proper city authority, connect with the sewer such a vault as that mentioned in the ordinance. But common knowledge concedes it to be the part of wisdom to have good sanitary regulations in cities; and, as an incident of this, experience has evolved the system of placing under the supervision of an expert inspector all such matters as that in controversy, and providing that no sanitary connection shall be made, except when it is necessary to conserve the hygienic condition of the city. In this view, each of the two ordinances has a field for operation without conflicting with the other.

In this connection we may as well dispose of the second and third insistences, by saying that Ordinance No. 824 is applicable only in cases where parties voluntarily request permission to connect their premises with the sewerage system of the city. Manifestly, no permit to make such connection is necessary, or was even contemplated under Ordinance 830 as amended.

The fourth insistence is that Ordinance No. 830 as amended is an improper delegation of legislative power to an administrative officer. It is argued that "the ordinance is not a general undiscriminating ordinance, but is directed only against those whom the sanitary inspector chooses to prosecute. The ordinance does not fix a duty on the property holder for failure in which anybody can prosecute. To be uniform, the ordinance should declare the duty and make noncompliance punishable, whether the sanitary inspector wills it or not. Only those whom he notifies are under duty to help make the city sanitary." This insistence cannot

prevail, for the reason that the ordinance leaves nothing to the discretion of the inspector, but imposes upon him the imperative duty of ordering all persons of the class mentioned in the ordinance (1 Dillon (4th Ed.) § 394), namely, those owning property any part of which abuts on a street in which a sewer is laid, to connect all closets, etc., with the sewer; and then the ordinance makes the refusal or failure, after such order is given in writing, to comply with it within 30 days a violation of the regulation. Nor does the ordinance leave it to the discretion of the inspector whether or not parties violating same shall be prosecuted, or even make it his duty to prosecute them. The ordinance provides a uniform rule of action. It contains permanent legal provisions. It operates generally and impartially, and its enforcement is not left to the will or unregulated discretion of the inspector, or even of other municipal authorities. It properly requires the order or notice to be given, and then, voicing the will of the legislative department of the city, provides that a failure or refusal to comply therewith within 30 days shall constitute a breach of its provisions. We do not think that it confers any legislative power upon the inspector, or even gives him discretion.—*Town of Tipton v. Norman,* 72 Mo. 380; *Village v. Lake Erie, etc., Co.,* 60 Ohio St. 136, 53 N. E. 795.

It is next contended that the city has no power to compel connection with sewers; the first point of the contention being that the act of the Legislature approved March 12, 1907 (Laws 1907, p. 398), by which it is supposed that the power to compel such connections exists, was enacted in violation of that section of the Constitution (Const. 1901, § 45) which provides that "each law shall contain but one subject, which shall be clearly expressed in its title." The title to the act is in this lan-

guage: "An act to authorize cities and towns in the state of Alabama to provide for the drainage thereof by sanitary and storm water sewers, ditches, surface drains, aqueducts, and canals; to prescribe rules and regulations for the installment of plumbing; to enforce connection with and the use of such sewers and drains, and to regulate the same." The appellant insists that three distinct subjects are embraced in this title: First, to authorize municipalities "to provide for the drainage thereof;" Second, "to prescribe rules and regulations for the installation of plumbing"; and, Third, "to enforce connection with the use of sewers or drains and to regulate the same."

It is too well settled by the adjudicated cases to really require, or even warrant, further discussion, that, if the title to an act indicates, and the act itself actually embraces, two different subjects diverse in their nature and having no necessary connection, the whole act must be treated as void, from the manifest inability of the court to choose between the two and hold the act valid as to one subject and void as to the other. But it is equally well settled that, however numerous the heads stated in the title and however numerous the provisions of an act may be, if they can be by fair intendment considered as falling within the subject-matter legislated upon in the act, or necessary as ends and means to the attainment of such subject, the act is not in conflict with a constitutional provision that no law shall embrace more than one subject, which must be expressed in its title. In other words, the title may be so written as to form an index to the provisions of the body of the act; but if only one subject-matter is the essence of the act, and its provisions are referable and cognate to the general subject, the constitutional mandate is not violated. In short, the Constitution is not offend-

ed if the act has but one general subject, and that is fairly indicated by the title.—*Ex parte Pollard,* 40 Ala. 98; *Ballentyne v. Wickersham,* 75 Ala. 533; *State v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *Bell's Case,* 115 Ala. 87, 22 South. 453; *Ex parte Birmingham,* 116 Ala. 186, 22 South. 454; *Lindsay v. United States, etc.,* 120 Ala. 156, 172, 24 South. 171, 42 L. R. A. 783; *Pioneer Irrigation District v. Bradley,* 8 Idaho, 310, 68 Pac. 295, 101 Am. St. Rep. 201. Here it seems clear to us the matters stated in the title and all the provisions of the act are germane to the same subject. Consequently, we hold that the title contains but one general subject, that the act treats only of that general subject, and matters properly connected therewith, and that the enactment evinces a sufficient compliance with section 45 of the Constitution. Authorities supra.

Finally, it is insisted that even the Legislature cannot compel the connection of property with the sewers; that this would be the compulsory improvement of private property. It is suggested, in this connection, that the Legislature might pass laws declaring nuisances and forbidding the use of property in an unsanitary way, but that it is without its power to compel improvements on property. The case of *Philadelphia v. Provident, etc., Co.,* 132 Pa. 224, 18 Atl. 1114, is cited as supporting this contention of the appellant. That case was decided upon the distinct idea that the board of health of the city was without authority to order water-closets to be constructed on private premises. The court said: "* * * When the board proceeded further, and ordered water-closets to be constructed by the owners, we think they exceeded their powers. At least, no such authority has been exhibited to us, and we cannot assume it to exist without evidence. The act of April 5, 1849 (P. L. 346), was called to our attention; but it

does not meet the difficulty. It is true that it authorizes the board of health 'to remove the cause of all nuisances that now exist, or may be hereafter created.'" The holding is that the act of the Legislature did not confer the authority, but the clear intimation is that such authority might have been conferred. In the instant case we have authority expressly conferred by the Legislature on the city to require the connections to be made.

No police power is more important than that to adopt such sanitary regulations as may be necessary to insure the safety and preserve the health of the inhabitants of a city. Nor do we doubt that the maintenance of an efficient sanitary sewerage system is of prime importance in encompassing the ends sought by the delegation of such power; and surely no sewerage system could be regarded as efficient without the incident of power in the municipal corporation to compel connections of property by its owners with the system. So, on principle and authority, we hold it to be within legislative competency to confer on municipal corporations the power to compel such connections.—*Bliss v. Kraus,* 16 Ohio St. 54; *Village of St. Mary's v. Railroad Co.,* 60 Ohio St. 136, 53 N. E. 795; *Railroad Co. v. Sullivan,* 32 Ohio St. 152; *Health Department v. Rector, etc.,* 145 N. Y. 32, 39 N. E. 833, 27 L. R. A. 710, 45 Am. St. Rep. 579; *Bancroft v. Cambridge,* 126 Mass. 438; *Commonwealth v. Roberts,* 155 Mass. 281, 29 N. E. 522, 16 L. R. A. 400. The power being legitimately conferred upon the city to impose upon the property owner the duty to make connections, the performance of that duty may be secured by necessary and reasonable sanctions; and we do not see that the sanction provided in this instance is unreasonable.—*Railroad v. Sullivan, supra; Commonwealth v. Roberts, supra;* 1 Dillon on Munic. Corp. (4th Ed.) § 328.

There is no error in the record, and the judgment of the city court will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.