(75 South. 821)

THOMAS v. STATE. (4 Div. 493.)

(Court of Appeals of Alabama. May 29, 1917. On Rehearing, June 12, 1917.)

1. STATUTES ⬅107(9)—SUBJECT AND TITLE OF ACTS—CONSTITUTIONAL RESTRICTIONS—ACTS RELATING TO MORE THAN ONE SUBJECT.

Loc. Acts 1915, p. 85, providing both in title and body for the creation of a system for the more efficient working of the roads of Crenshaw county and complementary measures and means to that end, and in the title and in section 22, providing for the compensation of an attorney for drafting the act, is violative of Const. 1901, § 45, providing that every law shall contain but one subject, which shall be clearly expressed in the title, except revenue bills, etc. (response of Supreme Court to certified question).

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 130–132.]

On Rehearing.

2. STATUTES ⬅64(10)—VALIDITY—CONSTITUTIONAL PROVISIONS.

If so much of Loc. Acts 1915, p. 85, as attempted to provide for compensation to the county attorney for drawing the act was repugnant to Const. 1901, § 68, providing that the Legislature shall have no power to grant extra compensation to a county officer, servant, or employé, then the entire act must fall, because the act contemplated by the notice given as required by Const. 1901, § 106, was an unconstitutional act, and the Legislature could not disregard the unconstitutional features and pass a valid law on such notice (response of Supreme Court to certified question).

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 195.]

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Lloyd Thomas was convicted of an offense, and he appeals. Case certified to Supreme Court, and, pursuant to response by Supreme Court, reversed and rendered.

J. A. Carnley, of Enterprise, and D. A. Baker, of Troy, for appellant. W. L. Martin, Atty. Gen., Powell & Hamilton, of Greenville, and F. B. Bricken, of Luverne, for the State.

BROWN, P. J. This is a prosecution under a local act entitled "An act to provide for the more efficient working of the public roads of Crenshaw county, Alabama; to provide for the raising of revenues for the public roads and bridges of Crenshaw county, Alabama, including a vehicle license tax, and a dog tax, and a commutation fee of five dollars per capita in lieu of road work; to prescribe the duties of the county commissioners, judge of probate, tax assessor, tax

collector and sheriff of Crenshaw county, Alabama, and to fix their compensation; to provide payment to attorney for drafting this act; to provide for the assessment and collection of said taxes or licenses; to punish persons violating the provisions of this act; to provide for the disposition of the fine and forfeitures collected under this act; to provide the mode and prescribe the manner that prosecutions under this act shall be conducted, and to provide such other duties and details as may be necessary for the proper working of the public roads and the building of the public bridges of Crenshaw county, Alabama." Loc. Acts 1915, p. 85.

In addition to providing for a system of constructing and maintaining public roads in Crenshaw county, the body of the act contains the following provision:

"Sec. (22). The county attorney shall for his services in drafting this act be allowed and paid seven and one-half per cent. of the first year's revenues collected under this act, payable when collected, and the judge of probate shall draw his warrant for said compensation based upon the certificate of the tax collector as to the amount collected."

The statement was made by appellant's counsel, in argument, that the county attorneys, for drafting the bill, had received for their services, out of the taxes collected under the act, a sum approximating $2,000, under the provisions of the section above quoted. It seems to us that appellant's contention that this act violates section 45 of the Constitution, in that it contains two subjects, both in its title and body, is well taken. The subject of making compensation for legal services in drafting a bill to be introduced in the Legislature is in no way related to the subject of establishing and maintaining public roads.

"It is too well settled by the adjudicated cases to really require, or even warrant, the further discussion, that, if the title to an act indicates, and the act itself actually embraces, two different subjects diverse in their nature, and having no necessary connection, the whole act must be treated as void, from the manifest inability of the court to choose between two and hold the act valid as to one subject and void as to the other." Allman v. City of Mobile, 162 Ala. 231, 50 South. 240; Ballentyne v. Wickersham, 75 Ala. 533; Ramagnano v. Crook, 85 Ala. 229, 3 South. 845; City of Mobile v. L. & N. R. R. Co., 124 Ala. 143, 26 South. 902; Gandy v. State, 86 Ala. 20, 5 South. 420; Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 24 South. 416.

"It has been said that illegitimate and unconstitutional practices get their first footing by silent approach and slight deviation; and the courts must be vigilant to prevent such encroachment." 6 R. C. L. 78, § 76; Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666.

If the courts should sustain such legislation, it would not only tend to encourage cupidity, but would amount to nullification of the Constitution. The act, in so far as it taxes dogs, violates section 211 of the Constitution. Smith v. Court of County Commissioners, 117 Ala. 196, 23 South. 141.

Let the case be certified to the Supreme Court.

Certified.

BRICKEN, J., not sitting.

Response by the Supreme Court.

McCLELLAN, J. The Judges of the Court of Appeals have made the following certification to this court, as authorized by the act approved April 18, 1911, Acts 1911, p. 449, (1 Ala. App. 10):

"The undersigned judges of the Court of Appeals, in the above-entitled cause being of the opinion that the act of the Legislature of Alabama approved August 24, 1915, entitled, 'An act to provide for the more efficient working of the public roads of Crenshaw county, Alabama; to provide for the raising of revenue for the public roads and bridges of Crenshaw county, Alabama, including a vehicle license tax and a dog tax, and a commutation fee of five dollars per capita in lieu of road work; to prescribe the duties of the county commissioners, judge of probate, tax assessor, tax collector and sheriff of Crenshaw county, Alabama, and to fix their compensation; to provide payment to attorney for drafting this act; to provide for the assessment and collection of said taxes or licenses; to punish persons violating the provisions of this act; to provide for the disposition of the fine and forfeitures collected under this act; to provide the mode and prescribe the manner that prosecutions under this act shall be conducted, and to provide such other duties and details as may be necessary for the proper working of the public roads and the building of public bridges of Crenshaw county, Alabama' (Local Acts 1915, p. 85)—is unconstitutional and void, hereby certify that question to the Supreme Court of the state of Alabama for determination, as by law in such cases made and provided. Act approved April 18, 1911, 1 Ala. App. 10, 11. This question is certified as an abstract question as by law required, the record in the case and our opinion giving the reasons leading us to that conclusion being submitted herewith for the convenience of the Supreme Court."

The opinion appended to the above certificate discloses that the conclusion against the validity of the act (Loc. Acts 1915, pp. 85–92) is rested on two grounds only, viz.: (a) That it embraces two subjects, in violation of section 45 of the Constitution, which, as presently important, reads: "Each law shall contain but one subject, which shall be clearly expressed in its title; * * *" and (b) that the "dog tax" provided in section 3 of the local act offends section 211 of the Constitution, which exacts uniformity in respect of ad valorem taxes in this state.

The claim of duplicity in the local act is predicated of its provisions in both title and body, creating a system for the more efficient working of the public roads of Crenshaw county, and providing complementary measures and means to that end, and, affording the second subject, providing, through section 22 of the local act, for the compensation of an "attorney for drafting this act." Section 22 reads:

"The county attorney shall for his services in drafting this act be allowed and paid seven and

one-half per cent. of the first year's revenues collected under this act, payable when collected, and the judge of probate shall draw his warrant for said compensation based upon the certificate of the tax collector as to the amount collected."

In Allman v. Mobile, 162 Ala. 226, 231, 50 South. 238, 240, it was said:

"It is too well settled by the adjudicated cases to really require, or even warrant, further discussion, that, if the title to an act indicates, and the act itself actually embraces two different subjects diverse in their nature and having no necessary connection, the whole act must be treated as void, from the manifest inability of the court to choose between the two and hold the act valid as to one subject and void as to the other."

In the repeatedly approved case of Ballentyne v. Wickersham, 75 Ala. 533, 540, 541, appropriating the here pertinent idea expressed in the (otherwise doubted) case of Walker v. Griffith, 60 Ala. at page 368, a practical test was noted and there applied for determining the question, whether an act offends the provision of the Constitution inhibiting legislation upon two subjects in one bill. To draw the there accepted test down for application to the case in hand, it may be stated in this form: Would the broad title expressing the legislative purpose to provide "for the more efficient working of the public roads of Crenshaw county," even with the addition of the minor incidental and complementary provisions catalogued in the title, comprehend the provision mentioned in the title and made in section 22 for the compensation of an attorney for drafting the act? It seems to be quite plain that the only possible response to the stated inquiry is in the negative. The service to be compensated was a service in no way related to the object of the act, viz. the more efficient working of the public roads of that county. The basis for this conclusion cannot be more pointedly expressed than by contrasting the compensation undertaken to be provided for the attorney's prenatal services with the provisions of the act providing for the compensation of the several officers whose services would contribute to the administration of the law, after, of course, it became a law. The circumstances would not be different, in principle, if the act had undertaken to compensate a newspaper for advertising the proposed law (Const. § 106); a typist for services in preparing it for introduction; a stationer for the paper used in drafting the bill; or a messenger for carrying the bill to the halls of legislation. To appropriate the form of statement employed in Ballentyne v. Wickersham, no one could soundly contend that an act's title, however broad, evincing the legislative purpose to provide a road law, comprehended provision for compensating an attorney for drafting the bill, the two purposes being distinct and independent, each of the other; neither affording aid to the other or contributing to the other's accomplishment or complementing in the other that which would otherwise be incomplete. When legislatively approved, the road system contemplated would be complete without the provision for compensating the attorney, for the prenatal services of the draftsman would neither promote nor effectuate the law's purpose to provide for the more efficient working of the public roads of Crenshaw county. The question is not one to be affected by the magnitude or insignificance of the subject-matter of the inquiry; nor is it one the consideration and decision of which is to be affected by reference to the legislative power to direct the compensation of an attorney for drafting bills to be submitted to the judgment of the lawmakers; the presently pertinent feature of section 45 of the Constitution being addressed to the method whereby the authority of the Legislature may be constitutionally exercised.

The suggestion that an analogy exists between usual provisions in private contracts for attorney's fees and the provisions for compensation of an attorney for drafting a bill to be submitted to the Legislature is ill founded. Such a provision in a private contract is in the nature of an indemnity of the promisee or mortgagee, and contemplates professional services in the collection of the indebtedness or in the enforcement of the rights of the promisee or mortgagee; services that are concomitant with the enforcement of obligations assumed by the promisor and given to the promisee.

It is to be conceded that the services undertaken to be compensated in section 22 of this local act concern are related to the proposal to enact a road law for Crenshaw county; but the relation thus recognized is not a relation within the purview of the Constitution in the particular that it forbids the inclusion in one bill of two distinct subjects. In this respect, the constitutional reference is to related subjects of legislation, and not to antecedent, entirely distinct, considerations that may or do inspire a worthy purpose to invoke legislative action. Where the act contains two distinct subjects, the court is powerless to decide which of the two the lawmakers preferred, and the whole law must and does fail. Allman v. Mobile, supra.

[1] In response to the certification made by the Court of Appeals to this court, this court is constrained to hold that the local act in question is invalid for the reasons stated.

Approved.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

In accordance with the foregoing views, a judgment will be here rendered, reversing

the judgment of the trial court, and discharging the defendant.

Reversed and rendered.

## On Rehearing.

PER CURIAM. [2] If, as insisted by appellee, so much of the act as attempted to provide compensation to the county attorney for his services in drawing the act was repugnant to section 68 of the Constitution, and therefore void, then the entire act must fall, because the act contemplated by the notice given under section 106 of the Constitution was an unconstitutional act, and the Legislature could not disregard the unconstitutional features and pass a valid law on such notice. Alford v. Hicks, 142 Ala. 355, 38 South. 752. What was said in the case just cited is appropriate here:

"The people of Mobile county knew that no such law as mentioned in the notice could be legally passed. They had the right to rely upon the Legislature not violating the Constitution, or, if it did, they knew the act would be void, and they could not possibly be affected by it. They might have been thus lulled by the notice into feeling that there was no need to oppose its passage. They had no notice of the act which was passed."

The other matters were fully discussed on original consideration, and we deem it unnecessary to further consider them.

The application is overruled.