COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Boston Beer Company, claimant.

Suffolk. March 31. — June 30, 1874. AMES & DEVENS, JJ., absent.

The St. of 1869, *c.* 415, relating to the manufacturing for sale and the sale of intox‑
icating liquors, including malt liquors, is in the nature of a police regulation of a
particular kind of property, and applies to the property of corporations as well as
to the property of individuals ; and does not impair the obligation of the contract
contained in the charter of a corporation, although the corporation was created,
before the passage of said statute, under a charter which authorized it to manu‑
facture malt liquors, and the legislature had no power to alter, modify, or repeal
said charter.

COMPLAINT to the Municipal Court of the city of Boston, on
the St. of 1869, *c.* 415, § 44, against certain intoxicating liquors,
alleged to have been deposited by Patrick O'Connell in a certain
vehicle, and being conveyed by him to some unknown person, the
said unknown person intending to sell the same in violation of
law.

The Boston Beer Company appeared and claimed an interest
in certain of the liquors seized under said complaint.

At the trial in the Superior Court, before *Aldrich,* J., it was
agreed by the parties that the Boston Beer Company was incor‑
porated under the St. of 1827, *c.* 32, "For the purpose of manu‑
facturing malt liquors in the city of Boston," and that its charter
gave it all the powers and privileges and made it subject to all
the duties and requirements of the St. of 1808, *c.* 65, passed
March 3, 1809 ; that this last named act was repealed by the St.
of 1829, *c.* 53, § 16 ; that the liquors claimed by the Boston Beer
Company were malt liquors, and were manufactured and owned
by the said corporation, and were being transported by O'Connell
as its agent, to its place of business for the purpose of sale.

The claimant asked the court to instruct the jury: 1. "That
by the repeal of the St. of 1808, *c.* 65, the legislature relinquished
the power reserved in this statute, to repeal and alter the grant
made by its charter to the company , that this relinquishment of
the power of repeal or alteration was a final extinguishment of
the power, and could not be resumed. 2. That the St. of 1869,
*c.* 415, and the acts in addition thereto, prohibiting the manufac‑

ture and sale and the transporting for sale of intoxicating liquors, impair the obligation of the contract contained in the charter of said company, and are in violation of the Constitution of the United States, and not therefore binding. on said company. 3. That the said company could lawfully manufacture, own and transport said ale, and the vessels containing the same, for the purpose of being sold by it at its place of business in Boston ; and that therefore the seizure of said ale and vessels was wrongfully made, and that they should be returned to said claimant."

The presiding judge declined to give such instructions, but instructed the jury, that as it was agreed and admitted that the said company was the manufacturer and owner of the ale at the time of said seizure, and was then transporting the same by its agent, O'Connell, for the purpose of sale in this Commonwealth, contrary to the provisions of the St. of 1869, it was lawfully seized, and was liable to forfeiture.

The jury found that the ale described in the complaint, and seized upon the warrant, was at the time of the making of the complaint deposited and kept by O'Connell, as agent of the claimant, in the vehicle named in the complaint, for the purpose of being sold in this Commonwealth, contrary to the provisions of the St. of 1869, c. 415.

The claimant excepted to the foregoing rulings and instructions.

*F. O. Prince*, for the claimant. The prohibitory legislation in the St. of 1869, which impairs the powers of this corporation, is not a lawful exercise of the police powers of the State, as police regulations must not be in conflict with any of the provisions of the charter; they must be police regulations in fact, and not amendments of the charter in curtailment of the corporate franchise. Cooley's Const. Limitations, 577–579, and cases cited. *State* v. *Hawthorne,* 9 Mo. 385. *Commonwealth* v. *Alger,* 7 Cush. 53. *Adams* v. *Hackett,* 7 Foster, 289. A license to sell may be annulled, because a license is not a contract, and bears no resemblance to an act of incorporation. *Calder* v. *Kurby,* 5 Gray, 597. *Commonwealth* v. *Brennan,* 103 Mass. 70.

*W. G. Colburn,* Assistant Attorney General, ( *C. R. Train,* Attorney General with him,) for the Commonwealth.

ENDICOTT, J. The claimant in this case contends that, having been created a corporation for the purpose of manufacturing malt

liquors under a charter, which the legislature has no power to alter, modify or repeal, it has the right to sell the products of its manufacture, notwithstanding the provisions of the St. of 1869, *c.* 415, relating to the manufacture and sale of intoxicating liquors. We do not think this position is tenable.

By its charter the claimant is a private manufacturing corporation, with the same power as a natural person to do that which its charter authorizes ; and by implication with the same power as an individual to deal with and sell its property so manufactured. But the authority of the legislature over the property or the use of the property of a corporation is not lost because no power is reserved to repeal or amend its charter. Any laws the sovereign power may find it necessary or salutary to enact, regulating, controlling, restricting or prohibiting the sale of a particular kind of property for the general benefit, apply as well to the property of corporations, like the claimant, as to individuals. Such laws are in the nature of police regulations, and individuals and corporations are alike subject to them. Indeed all property is held subject to such restriction, and it is immaterial that the restriction is imposed after the property is acquired or becomes valuable, or after the charter is granted, or before it became necessary in the judgment of the legislature to pass a law on the subject. Every such law limits, restrains, impairs, and in some cases destroys the uses, which were previously enjoyed, of the property so made the subject of legislation, but the extent to which it may do so does not affect the validity of such laws, or their equal application to all owners of such property. They are presumed to be passed for the common good, and to be necessary for the protection of the public, and cannot be said to impair any right, or the obligation of any contract, or to do any injury in the proper and legal sense of these terms. *Commonwealth* v. *Alger*, 7 Cush. 85, 86. *Thorpe* v. *Rutland & Burlington Railroad*, 27 Vt. 140. *People* v. *Hawley*, 3 Mich. 330. *Brick Presbyterian Church* v. *New York*, 5 Cowen, 538. *Vanderbilt* v. *Adams*, 7 Cowen, 349. *Coates* v. *New York*, 7 Cowen, 585, 604, 606.

The St. of 1869, *c.* 415, does not therefore impair the obligation of the contract contained in the charter of the claimant, so far as it relates to the sale of malt liquors, but is binding on the claimant to the same extent as upon individuals.

As it was assumed in the argument for the Commonwealth that the legislature had no constitutional power to change this charter, we have not considered that question.

The rulings in the court below were correct, and the entry must be                                        *Exceptions overruled.*