COMMONWEALTH *vs.* DANIEL CALHANE.

Middlesex.　February 2, 1891. — June 25, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Common Nuisance — Original Package —
Constitutional Law.*

Since the U. S. St. of August 8, 1890, the agent in this Commonwealth of a whole-
sale dealer in intoxicating liquors in another State, who sells or offers for sale
such liquors, whether in the original packages or otherwise, shipped to him by
such dealer, although he sells no other liquors, may be convicted of keeping a
common nuisance under the Pub. Sts. c. 101, §§ 6, 7.

COMPLAINT on the Pub. Sts. c. 101, §§ 6, 7, to the Police
Court of Haverhill for keeping a common nuisance. Trial in
the Superior Court, before *Sherman*, J., who, after a verdict of
guilty, reported the case for the consideration of the full court.
The facts appear in the opinion.

*E. B. Fuller*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

LATHROP, J. This is a complaint under the Pub. Sts. c. 101,
§§ 6, 7, for keeping and maintaining a tenement used for the
illegal sale and illegal keeping of intoxicating liquors on Au-
gust 1, 1890, and on divers other days and times between that
day and September 16, 1890.

At the trial in the Superior Court, on appeal, the government
relied upon sales made by the defendant of several bottles of
intoxicating liquors on August 15, 1890, at the place mentioned
in the complaint.

It was admitted, for the purposes of the case, that the defend-
ant was the agent of certain wholesale dealers in New York,
who shipped liquors to him in bottles, packed in barrels and
boxes securely nailed up; that he unpacked the bottles there-
from and sold and offered them for sale; and that he sold no
other liquors.

The defendant asked the judge to rule that these facts justified
him in keeping and selling the liquors mentioned. The judge
refused so to rule; the jury returned a verdict of guilty; and the
judge reported the case for the determination of this court.

At the argument, the defendant contended:

1. That each bottle of liquor constituted an original package, which he had a right to sell under the decision of the Supreme Court of the United States in the case of *Leisy* v. *Hardin*, 135 U. S. 100.

2. That the U. S. St. of August 8, 1890, is unconstitutional. This act provides " that all fermented, distilled, or other intoxicating liquors or liquids transported into any State or Territory or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such State or Territory be subject to the operation and effect of the laws of such State or Territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquids or liquors had been produced in such State or Territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise."

3. That, by the true construction of this statute, it has no force or effect in any State until such State has enacted new laws.

The statute under which the defendant was convicted was enacted in the exercise of the police powers of the Commonwealth. *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 153 ; *S. C., nom. Beer Co.* v. *Commonwealth*, 97 U. S. 25. By the express terms of the U. S. St. of August 8, 1890, intoxicating liquors brought into a State are not exempt from the operation of such laws, whether introduced in original packages or otherwise. Unless, therefore, the defendant can maintain the affirmative of his second and third contentions, he shows no justification for his acts.

Since the argument of this case, the Supreme Court of the United States has decided that the U. S. St. of August 8, 1890, is constitutional, and has effect in a State without a subsequent re-enactment of its legislation on the subject of intoxicating liquors. *In re Rahrer*, 140 U. S. 545. As this decision is binding upon us, and is conclusive of the questions raised by the defendant, further consideration of them is unnecessary ; and we need not determine whether, independently of the statute, the case falls within the decision of *Leisy* v. *Hardin*, *ubi supra.*

*Judgment on the verdict.*