COMMONWEALTH *vs.* MERCY F. ROBERTS.

Suffolk.   November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Constitutional Law — Nuisance — Statute — Water-closet.*

The St. of 1885, c. 382, § 2, as amended by the St. of 1889, c. 450, § 2, providing under a penalty that certain buildings in Boston "situated on a public or private street, court, or passageway, in which there is a public sewer, and every building connected with any sewer, shall have sufficient water-closets connected with the sewer, and shall not have a cesspool or privy, except where in the opinion of the board of health it can be allowed to remain temporarily, and then only as said board shall approve," applies to violations which continue after its passage, or which then come into existence, and is constitutional as an exercise of the police power.

The Legislature by the use of the word "water-closet" in the Sts. of 1885, c. 382, §§ 1, 2, and 1889, c. 450, § 2, intended an arrangement, then in common use, connected with a sewer, and having a permanent water supply which can be used systematically and regularly for carrying whatever is deposited therein to the sewer, and not a privy vault, which, although connected with a sewer, has no water supply for flushing it, except such as depends on chance.

LATHROP, J.   This is a complaint under the St. of 1885, c. 382, § 2, as amended by the St. of 1889, c. 450, § 2, charging that the defendant, on May 15, 1890, kept and maintained a dwelling-house on a certain street in Boston, in which street there was a public sewer, and that said dwelling-house "did not then and there have sufficient water-closets connected with the sewer in said street as aforesaid, nor any water-closets connected with any sewer whatever."

The St. of 1885, c. 382, § 1, provides that "every building in the city of Boston used as a dwelling, tenement, or lodging-house, or where persons are employed, shall have at all times such number of good and sufficient water-closets, earth-closets, or privies, as the board of health of said city may determine."

Section 2 of the same chapter, as amended by the St. of 1889, c. 450, § 2, reads as follows: "Every such building situated on a public or private street, court, or passageway, in which there is a public sewer, and every building connected with any sewer, shall have sufficient water-closets connected with the sewer, and shall not have a cesspool or privy, except where in the opinion

of the board of health it can be allowed to remain temporarily, and then only as said board shall approve."

At the trial in the Superior Court, on appeal, it was admitted that the defendant's house was a dwelling-house, situated on a public street in Boston, and was built in 1861 or 1862; that there was a public sewer through said street, built in 1861, and that there was no water-closet in the house.

It was further admitted that, at the time the house was built, a small wooden building was erected in the yard of the house, and about twenty-five feet distant therefrom; that in this building was a seat with a hole in it, and beneath the building was an excavation in the earth, about six feet deep and five feet square, bricked up and connected with the public sewer by a six-inch pipe, which pipe had a trap; that water from the roof of one half of the house and from the yard flowed into this excavation when it rained; and that the excavation could be flushed by a hose attached to a hydrant in the house, and was flushed from time to time by a man sent by the defendant for that purpose; and that the hose was accessible to the defendant's tenants on application to her or to the man. This excavation was also admitted to have been made in accordance with the ordinances of Boston then in force, and which now are in force, unless they have been modified by the statutes above referred to.

1. There can be no doubt that the statute in question is within the constitutional powers of the Legislature as a police regulation. It is an act for the preservation of the public health, and relates to the disposal of one of the most dangerous forms of sewage. As said by *Morton*, J., in *Nickerson* v. *Boston*, 131 Mass. 306, 308, " It belongs to that class of police regulations to which private rights are held subject, and is founded upon the right of the public to protect itself from nuisances, and to preserve the general health. The authority of the Legislature to pass laws of this character is too well settled to be questioned." See also *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 153, 155, and cases cited; *Bancroft* v. *Cambridge*, 126 Mass. 438.

2. The defendant contends that the act was not intended to apply to houses already built when the act went into operation. But while the act is broad enough to apply to all buildings, the language of the section imposing a penalty on " any person

violating any provision of this act" (St. 1885, c. 382, § 22) is prospective in its operation, and applies to violations which continue after its passage, or which then come into existence. *Fickett* v. *Durham*, 119 Mass. 159. *Commonwealth* v. *Homer*, 153 Mass. 343, and cases cited. The defendant, however, contends that, as her structure was lawful when built, an act of the Legislature which would render its use unlawful would be unconstitutional, citing *Commonwealth* v. *Alger*, 7 Cush. 53, 103. The statutes there in controversy related to harbor lines in Boston, and were not police regulations affecting the public health; and the language of Chief Justice Shaw in that case does not apply to a case like the one now under consideration. *Salem* v. *Eastern Railroad*, 98 Mass. 431, 443. *Watertown* v. *Mayo*, 109 Mass. 315. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, 530. *Rideout* v. *Knox*, 148 Mass. 368, 374.

3. The only other question argued by the defendant is whether the structure existing in the defendant's yard is a water-closet, within the meaning of the act. We are of opinion that it is not. The Legislature, by the use of the word " water-closet," intended an arrangement, then in common use, connected with a sewer, and having a permanent water supply which can be used systematically and regularly for carrying whatever is deposited therein to the sewer, and not a privy vault, which, although connected with a sewer, has no water supply for flushing it, except such as depends on chance.

The case comes before us on the report of a justice of the Superior Court, after a verdict of guilty, and the entry must be,
*Judgment on the verdict.*

*A. E. Pillsbury*, Attorney General, ( *C. N. Harris*, Second Assistant Attorney General, with him,) for the Commonwealth.

*W. E. Jewell*, for the defendant.