William G. Clarke, Appellant, v. City of Chicago, Appellee.

### Gen. No. 15,419.

1. ORDINANCES—*power to make building, retroactive.* If the city council from observation or experience has determined that certain provisions relating to the construction and operation of a theatre are necessary for the protection of persons attending the same, it is within the power of such council to apply such provisions to theatres already built as well as to those thereafter to be built.

2. ORDINANCES—*power of city to enforce building.* A city is empowered to enforce a building ordinance by causing to be closed a theatre building which has not been made to comply with a valid existing ordinance.

3. MUNICIPAL CORPORATIONS—*when not liable for acts of officers.* A municipal corporation is not liable for the act of its mayor and chief of police in doing an act in attempting to enforce the police power of such corporation.

Action in case. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 28, 1910.

**Statement by the Court.** The appellant, the proprietor of a theatre in Chicago, brought an action on the case against the city of Chicago to recover damages because of the alleged wrongful closing of his theatre by the defendant, acting through its mayor and

chief of police, and because of changes he was compelled by defendant to make in his theatre before being allowed to use it.    The defendant demurred to the declaration, the demurrer was sustained, and plaintiff electing to abide, final judgment was entered for defendant and the plaintiff appealed.    The declaration contains but one count.    It sets out the ordinances of defendant relating to theatres in force from October 1903, to January 18, 1904; alleges that plaintiff was the proprietor of a certain theatre which had been built and repaired in compliance with said ordinances and which had been licensed by defendant from May 1, 1904, to May 1, 1905; that January 2, 1904, said theatre was wrongfully and without any legal process or warrant closed by defendant acting through its mayor and chief of police; that January 18, 1904, a certain ordinance relating to theatres, which is set out, was passed and approved; that January 25, 1904, certain other ordinances relating to theatres, which are also set out, were passed and approved.    By said ordinances material changes and alterations were made in the ordinances relating to theatres in force at the time of their passage.    The declaration then avers that January 25, 1904, a certain order, which is set out, was passed by the council and approved by the mayor.    This order provides that every proprietor of a theatre who shall agree to make the changes required by the ordinances of January 18 and 25, 1904, by September 1, 1904, may, under certain conditions therein specified and on giving a bond to the city in the sum of $25,000 conditioned for the observance of the provisions of said ordinances, be permitted to open his theatre.    The declaration then avers that plaintiff's theatre complied with the provisions of the ordinance in force prior to January 18, 1904, etc., and that plaintiff was compelled to and did make the alterations necessary to comply with said new ordinances, and was compelled to and did give the bond required by the order of January 25; that thereafter on February 11, 1904, plaintiff was per-

mitted to open his theatre and that he had then fully complied with all of said ordinances and said order; that July 18, 1904, another ordinance relating to theatres, which is also set out, was passed and approved. This ordinance makes material changes in the ordinances then in force. It is then averred that plaintiff's time to comply with the ordinance was extended and he was compelled to and did give a new bond to the defendant August 24, 1904. The declaration then sets forth the changes plaintiff was required to make to comply with said new ordinances and order; avers that the value of his theatre was not increased but was decreased thereby; that he expended in making such changes $30,000, and sustained damages by reason of the closing of his theatre and the reduction of the seating capacity thereof in the sum of $20,000, whereby he was damaged, etc., in the sum of $50,000, etc.

ATWOOD, PEASE & LOUCKS, for appellant.

EDWARD J. BRUNDAGE and OSCAR H. OLSEN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

It is not contended by appellant that any provision of the ordinances adopted by defendant in 1904 and set forth in the declaration is unreasonable, partial, not designed to promote the public safety, or transcends the limit of the police power granted by the legislature to the city council of the defendant. His contention is that while the city council might properly, in the exercise of the police power granted to it, adopt such ordinance as to theatres thereafter to be built, it was without power to adopt such ordinance as to theatres theretofore built, in the construction of which the provisions of the law and the ordinances in force at the time it was built had been observed and in all respects complied with.

In this contention we cannot concur. If the city council from observation or experience determined

that certain provisions relating to the construction and operation of a theatre were necessary for the protection of persons attending such theatre, it would be as important for their safety to apply such provisions to theatres already built as to those to be built thereafter.   In Seattle v. Hinckley, 40 Wash. 468, 82 Pac. 747, 2 L. R. A. (N. S.) 398, a fire escape had been constructed in compliance with the ordinance then in force. An ordinance was thereafter passed requiring different fire escapes to be provided, and it was contended by the owner of the building that the ordinance deprived him of existing rights.   In the opinion it was said: "There is no merit in the contention that the respondent had any inherent or vested right because he had complied with the law existing at the time he built.   There is no such thing as an inherent or vested right to imperil the health or impair the safety of the community.   But to be protected against such impairment or imperilment is the universally recognized right of the community in all civilized governments—a protection which the government not only has a right to vouchsafe to the citizens, but which it is its duty to extend in the exercise of its police power.   *   *   *   It would be a sad commentary on the law if municipalities were powerless  to compel the adoption of the best methods for protecting life in such cases simply because the confessedly faulty method in use was the method provided by law at the time of its construction."   See also Commonwealth v. Roberts, 155 Mass. 281.

No right of action accrued to the plaintiff because of the order of January 25, 1904.   Section 51 of the ordinance of January 18 gave to certain officers the right to close a theatre, when any violation of the provisions of that ordinance was discovered, until such provisions were complied with.   The order did not direct that any theatre should be closed.   It only provided that the proprietor of a theatre who should agree to comply with the provisions of that ordinance and the ordinance of January 25, by a certain date, might,

under certain conditions and on giving a certain bond, open his theatre. Plaintiff complied with the conditions and was permitted to open his theatre February 11, 1904. He afterwards, in order to obtain a further extension of time to comply with the provisions of said ordinances, gave another bond. The order infringed no right of the plaintiff, was not mandatory, but only permissive.

Sections 146 and 147 of the ordinances in force when plaintiff's theatre was built gave certain officers of defendant, including the mayor, the right to close a theatre in case of a violation of or failure to comply with such ordinances. The matter of regulating the construction and operation of theatres by a municipal corporation pertains to the police power. In Culver v. Streator, 130 Ill. 238-243, it was said: "That power may be defined, in general terms, as comprehending the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public, and all persons officially charged with the execution and enforcement of such police ordinances and regulations are, *quoad hoc*, police officers." The act of the mayor and chief of police in closing the plaintiff's theatre was an act done by them in attempting to exercise the police power, and for such acts the city is not liable. Culver v. Streator, *supra*; Wilcox v. Chicago, 107 Ill. 334; Chicago v. Williams, 182 id. 135; Tollefson v. Ottawa, 228 Ill. 134.

We think that the order sustaining the demurrer to the declaration was proper, and the judgment is affirmed.

*Affirmed.*