TOWNSHIP OF BEDFORD v BATES

HEALTH—PUBLIC SANITARY SEWERS—CONSTITUTIONAL LAW—STATUTES —TOWNS—TOWNSHIPS—ORDINANCES.

A property owner may be required to connect into a public sanitary sewer system and forego using a private septic tank system under a statute and township ordinance requiring that structures in which sanitary sewage originates must be connected with the public system; no showing by the government that the septic tank system is inadequate and no compensation to property owners is constitutionally required in compelling property owners to connect with the public sanitary sewer system (MCLA 123.281 *et seq.*).

Appeal from Monroe, William J. Weipert, J. Submitted June 4, 1975, at Lansing. (Docket No. 21944.) Decided July 23, 1975.

Complaint by Bedford Township against Margery Bates and others for injunctive relief to compel the defendants to connect their residences to a public sanitary sewer. Judgment for plaintiff. Defendant Gladys Meinki appeals. Affirmed.

*Stanley M. Krawetz, P. C.,* for plaintiff.

*Sallade & Nelson,* for defendant Meinki.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

J. H. GILLIS, J. In *Butcher v Grosse Ile Township,* 387 Mich 42; 194 NW2d 845 (1972), our Supreme Court found MCLA 123.191 *et seq.;* MSA

REFERENCE FOR POINTS IN HEADNOTE
64 Am Jur 2d, Public Utilities §§ 34, 101.

5.2767(101) *et seq.,* to be unconstitutional. The *Butcher, supra,* holding was based on the Court's determination that the scope of the act exceeded its title, in that the act required all property owners to connect their sanitary facilities to public sewer systems, even though the title of said act spoke only to those properties "emanating sanitary sewage". In other words, *Butcher, supra,* held that MCLA 123.191; MSA 5.2767(101), dealt only with those properties *"emanating* sanitary sewage", and that a property owner could not, under the statute, be forced to connect into the public sewer system unless it was shown that his property emanated sewage.

Soon after the *Butcher, supra,* decision, the Legislature responded by enacting MCLA 123.281, *et seq.;* MSA 5.2769(151) *et seq.* Under the new act, structures in which "sanitary sewage *originates"* must be tied into public sewer systems. The Legislature made specific findings that septic tank disposal systems posed a threat to the public health, and that connection to public sewer systems was necessary for the "protection of the public health, safety and welfare". MCLA 123.281; MSA 5.2769(151). The clear thrust of the new act was to avoid the necessity of individual determinations called for under *Butcher, supra.*

After the enactment of MCLA 123.281 *et seq.;* MSA 5.2769(151) *et seq.,* Bedford Township amended its ordinance to conform with the new act. Under the amended ordinance, appellant in this action was required to tie into the public sewer system and thus forego using her septic tank system. Because she refused to so act, the township brought suit to compel connection. Over appellant's protestations of unconstitutionality, the trial judge granted an injunction mandating tie-in. An appeal was taken to this Court.

We are thus faced with the question left unanswered by *Butcher, supra:*

"Too, it leaves for another case another obvious question; whether what may be a perfectly lawful and wholly inoffensive underground septic disposal system is a property right which may be condemned and destroyed without payment of just compensation." *Butcher, supra,* 387 Mich 42, 64; 194 NW2d 845, 853.

Appellant claims that absent a showing that her septic tank system is inadequate, she may not be forced into connecting with the public sewer system, absent adequate compensation. As noted above, Michigan courts have not yet decided this issue. Consequently, we are free to look to decisions of other jurisdictions for guidance.

The United States Supreme Court has twice faced this issue, and twice found that the police power of a state allows this type of sewer regulation, with no compensation to property owners. *District of Columbia v Brooke,* 214 US 138; 29 S Ct 560; 53 L Ed 941 (1909), *Hutchinson v Valdosta,* 227 US 303; 33 S Ct 290; 57 L Ed 520 (1913). In *Hutchinson, supra,* the Court noted that:

"It is the commonest exercise of the police power of a State or city to provide for a system of sewers and to compel property owners to connect therewith. And this duty may be enforced by criminal penalties." *Hutchinson, supra,* 227 US 303, 308; 33 S Ct 290, 292; 57 L Ed 520, 523.

See also *Queenside Hills Realty Co v Saxl,* 328 US 80; 66 S Ct 850; 90 L Ed 1096 (1946).

An examination of other state court decisions reveals that mandatory connection with public sewers has been readily upheld against constitu-

tional attack. We find the rationale of *Sanitation District No 1 of Jefferson County v Campbell,* 249 SW2d 767 (Ky, 1952), particularly convincing:

" 'The community is to be considered as a whole in the matter of preservation of the health of all inhabitants, for a failure by a few to conform to sanitary measures may inflict ill health and death upon many.' Though the action of the governing boards charged with responsibility may work a hardship on one or more individuals whose facilities may be sanitary, their action cannot be regarded as unconstitutionally arbitrary, or the taking of property without due process of law. It would seem that although ·properly operated private septic tanks may afford a sanitary disposal system, the publicly maintained sewage system of the whole community is undoubtedly better as doing away with potential as well as actual health menaces." *Sanitation District No 1, supra,* at 772.

See also, *In re West Highway Sanitary and Improvement District, 77 Wyo 384; 317 P2d 495 (1957), Leeds v Avram,* 244 Ala 427; 14 So 2d 728 (1943), *Commonwealth v Roberts,* 155 Mass 281; 29 NE 522 (1892), *Fristoe v City ·of Crowley,* 142 La 393; 76 So 812 (1917), *Gault v Ft. Collins,* 57 Colo 324; 142 P 171 (1917), *Harrington v Board of Aldermen,* 20 RI 233; 38 A 1 (1897).

Appellant's claim of unconstitutionality concerning the Bedford Township public sewer system is without merit.

Affirmed. No costs, a public question being involved.