## BINGHAM FARMS v FERRIS

Docket No. 78422. Submitted January 9, 1985, at Lansing,—Decided January 7, 1986.

The Village of Bingham Farms brought an action against John R. and Charlene Ferris in Oakland Circuit Court, seeking an order compelling the Ferrises to connect their home in the Village of Bingham Farms to the village sanitary sewer system. Defendants opposed the order, contending that the minimum length of the most practicable sewer line from their house to the public sewer would exceed the statutorily mandated 200-foot requirement beyond which the village could not require connection, that plaintiff must prove that their septic tank disposal system was a public health hazard, and that the village had failed to give proper notice before commencing the action. The trial court, Gene Schnelz, J., granted summary judgment in defendants' favor, finding that the statutory provision requiring connection to a public sewer system where the structure was not more than 200 feet from the public sewer was intended to be measured along the most practicable route rather than the straight-line distance, that the route in question was longer than 200 feet, and that defendants should not be required to bear the expense of connection where, as here, there has been no showing of a public benefit. Plaintiff appealed. *Held:*

1. The Legislature intended the 200-foot measurement to be taken along the straight-line distance between the sewer and the nearest point of the structure.

2. Where the structure is within the statutory distance of a public sanitary sewer, connection to the public sewer system is mandatory and there is no requirement that the municipality first show that a health hazard is posed by the existing septic tank system.

3. The statutory notice requirement mandates that, before seeking a order requiring connection, the municipality must serve a notice upon the property owner which not only informs

REFERENCES

Am Jur 2d, Drains and Drainage Districts §§ 2-5, 20
See the annotations in the ALR3d/4th Quick Index under Drains and Drainage; Sewers.

the owner of his or her need to connect to the public sewer system but also informs the property owner of the approximate location of the public sewer. The fact that the owner has knowledge of the location of the sewer does not relieve the municipality of its obligation to comply with the notice requirement.

4. While the trial court erred in the granting of summary judgment in favor of defendants on the bases stated, summary judgment in defendants' favor is required because of the failure of plaintiff to give the requisite notice before commencing its action for enforcement of connection to the public sewer system.

Affirmed.

1. HEALTH — PUBLIC HEALTH — SANITARY SEWERS — CONNECTION TO SEWER SYSTEM.

A person owning a structure in which sanitary sewage originates which, at its closest point, is not more than 200 feet from a public sanitary sewer system may be required to connect to that sanitary sewer system; the statutory 200-foot distance is to be measured along a straight line from the nearest point of the structure to the sewer even where, because of the terrain, the most practical route of any connector sewer would not take that straight-line route (MCL 333.12751[a]; MSA 14.15[12751][a]).

2. HEALTH — PUBLIC HEALTH — SANITARY SEWERS.

A person owning a structure in which sanitary sewage originates which is located within 200 feet of a public sanitary sewer system may be required to connect that structure with the public sanitary sewer system without there being any proof that the structure's septic system poses a public health problem (MCL 333.12752; MSA 14.15[12752]).

3. HEALTH — PUBLIC HEALTH — SANITARY SEWERS — ACTIONS — NOTICE — MUNICIPAL CORPORATIONS.

An action by a municipality to compel connection with a public sanitary sewer system may be brought only after the municipality has served notice upon the owner of the property of the necessity of connection; the notice shall inform the owner of the approximate location of the sewer; notice of the approximate location of the sewer is mandatory even where the property owner is aware of the location (MCL 333.12754; MSA 14.15[12754]).

*Beier, Howlett, Hayward, McConnell, McCann,*

*Jones, Kingsepp & Shea* (by *Charles J. Porter),* for plaintiff.

*Mayer Morganroth,* for defendants.

Before: Allen, P.J., and J. H. Gillis and W. J. Giovan,* JJ.

Per Curiam. Plaintiff, the Village of Bingham Farms, appeals the trial court's granting of summary judgment in favor of defendants pursuant to GCR 1963, 117.2(3).

The defendants own property in the village which has two structures on it, a large home and a cabin, both of which discharge sewage into a single septic tank system. Plaintiff's action sought to enforce its ordinance which, under given circumstances, requires the connection of structures in which sanitary sewage originates to an available public sanitary sewer. Village of Bingham Farms Code, Title II, Chap 23, § 2.43.

1978 PA 368 authorizes such ordinances. The act defines "available public sanitary sewer system" as one located in a right-of-way which adjoins the property "and passing not more than 200 feet at the nearest point from a structure in which sanitary sewage originates". MCL 333.12751(a); MSA 14.15(12751)(a).

Defendants posed three defenses: (1) they are not subject to the ordinance because the minimum length of a line connecting their residence to the public sewer would exceed 200 feet in actual construction; (2) their septic tank disposal system is not a health hazard and plaintiff must prove that it is before requiring them to hook up; and (3) the notice to the defendants required by statute and ordinance was deficient.

* Circuit judge, sitting on the Court of Appeals by assignment.

Only the larger residence was the object of plaintiff's action, the cabin being too distant from the public sewer to be subject to the ordinance. The topography of the property is irregular. The house in question is located on a rise of land at an elevation of 17 feet and the terrain slopes irregularly down to the level of the public sewer. The straight-line measurement between the house and the sewer (which line passes through the air because of the difference in elevation) is approximately 166 feet.[1]

The defendants have two retaining walls on their property which lie between the house and the public sewer. While the record suggests that a connecting sewer line could be built through or under the walls, the more practical and less costly method would be to run the connecting line around the end of the walls and then down to the public sewer. Constructed in this way, the connecting line would exceed 200 feet in length.

The trial court's opinion states in part:

"The Village ordinance does not specify how the 200 feet requirement is to be measured. The code fails to take into account the natural terrain and difficulties which can be encountered when attempting to connect up to an existing sewer main. Since straight line hook ups are sometimes practically impossible, the ordinance requires further interpretation."

Noting that the connecting line would exceed

---

[1] The evidence of measurements in the record is found in the deposition of Estol Swem, an engineer employed by the plaintiff. He testified that, using electronic instruments, he measured the horizontal distance from the public sewer to the vertical plane of the closest point of the house at 165.5 feet and that the house is 17 feet above the plane of the sewer. A straight line from the house to the sewer, therefore, constitutes the hypotenuse of the right-angle triangle which is formed by using the vertical and horizontal measurements as its other two sides. Although Mr. Swem estimated that line to be 174 feet in length, it is actually 166.37 feet, mathematically determined.

200 feet in length in actual construction around the retaining walls, the court concluded:

"To require literal complience with the statute would produce a result which is unjust and inconsistent with the purpose of the ordinance. Enforcement of this ordinance against the Defendants would constitute gross waste and expenditure with little or no benefit to the public. That Plaintiff has not shown any public interest would be served by granting this motion."

The implication of the trial court's opinion is that the statute and ordinance should be construed in this instance by defining an "available public sanitary sewer system" by estimating the length of the connecting line in actual construction, including the portion necessary to avoid defendants' retaining walls.

We disagree. To implement its objective of reducing the usage of septic tank disposal systems, it was necessary, or permissible at the least, for the Legislature to select some more or less arbitrary measure by which to identify those public sewers to which connection will be required: in this instance a distance of 200 feet less between the sewer and a structure with sanitary sewage. A variety of intervening conditions might create the desirability or practical necessity of constructing a connecting line around them, *e.g.,* gardens, shrubbery, underground sprinklers, utility sheds and difficult soil conditions. The very likelihood of their occurrence from time to time convinces us that the Legislature anticipated them. In our view, accordingly, the statute does not contemplate that an "available public sanitary sewer system" will be defined according to the fortunity of the occurrence of obstructions in particular circumstances.

We believe, rather, that the intent of the statute is expressed by its plain terms.[2]

Nor can we agree with the trial court's conclusion that no public interest would be served by enforcement of the ordinance in this instance, an assertion which effectively accepts defendants' contention that the plaintiff is obliged to prove that their septic tank system is a health hazard. The statute provides:

"Public sanitary sewer systems are essential to the health, safety, and welfare of the people of this state. Septic tank disposal systems are subject to failure due to soil conditions or other reasons. Failure or potential failure of septic tank disposal systems poses a threat to the public health, safety, and welfare; presents a potential for ill health, transmission of disease, mortality, and economic blight; and constitutes a threat to the quality of surface and subsurface waters of this state. The connection to available public sanitary sewer systems at the earliest, reasonable date is a matter for the protection of the public health, safety, and welfare and necessary in the public interest which is declared as a matter of legislative determination." MCL 333.12752; MSA 14.15(12752).[3]

The clear thrust of this provision is to avoid the necessity of individual evaluations of septic tank

[2] The defendants contend that the statute calls for an over-the-ground measurement even if obstructions are to be ignored in the calculation. While that view of the statute might otherwise deserve consideration (the defendants cite instances where statutory distances have been measured otherwise than in a straight line), it is unnecessary to address the issue here since the record discloses that a measurement taken in that manner would also be less than 200 feet. The engineer testified that the slope from the house to the sewer, though it may level off at various points, never rises upward after beginning its descent. Accordingly, the maximum distance from the house to the sewer, even measuring along the surface of the ground, cannot be greater than the full vertical distance (17 feet) added to the full horizontal distance (165.5 feet), or 182.5 feet.

[3] The corresponding portion of the ordinance is nearly identical. Village of Bingham Farms Code, Title II, Chap 23, § 2.43(1).

disposal systems, and it authorizes the mandatory connection of concededly inoffensive systems to public sewers. *Bedford Twp v Bates,* 62 Mich App 715; 233 NW2d 706 (1975).[4] The legislative policy has dispensed with the need for individual determinations by declaring that septic tanks pose a threat to the public health, and it is beyond the province of the judiciary to quarrel with that judgment. *Renne v Waterford Twp,* 73 Mich App 685; 252 NW2d 558 (1977), *lv den* 400 Mich 840 (1977). "If the Legislature chooses to nip in the bud a potential for disease transmission rather than to utilize curative measures after the fact, we decline to second-guess its decision." *Renne v Waterford Twp, supra,* pp 695-696.

The defendants, to be sure, have the misfortune that the onus of compliance with the statute and ordinance will weigh heavier upon them than on others. We do not generally expect, however, that stautues will have uniform impact in practical application upon all who fall within their scope. And while it is true that enforcement of the ordinace in this instance would not altogether eliminate the use of defendants' septic tank system, the policy of the statute and ordinance would be served by materially diminishing the amount of sewage discharged into the system, thereby reducing its potential for creating a health hazard.

Under the circuit court's view of the case it did not become necessary to pass upon the adequancy of plaintiff's notice to the defendants. Because there is no dispute regarding the form in which the notice was given, we find it unnecessary to remand the action to the trial court for findings on the validity of the notice. We conclude that it was deficient.

---

[4] The *Bates* case discussed virtually identical language from a prior statute. 1972 PA 288 § 1.

MCL 333.12754; MSA 14.15(12754) and Village of Bingham Farms Code, Title II Chap 23, § 2.43(3) provide that, if a property owner does not connect within 18 months after publication in a newspaper of the availability of a public sewer system, "the governmental unit * * * shall require the connection to be made immediately after notice" by mail or posting on the property. MCL 333.12754(1); MSA 14.15(12754)(1). The notice "shall give the approximate location of the sanitary sewer system available" and advise the owner of the requirements and enforcement provisions of the statute and any applicable ordinance. MCL 333.12754(2); MSA 14.15(12754)(2). If a structure is not connected within 90 days of the notice, the governmental unit may bring an action to compel connection. MCL 333.12754(3); MSA 14.15(12754)(3).

The communication mailed to defendants on October 29, 1981, did not indicate the approximate locatin of the sewer. Under the statute and ordinance the prescribed notice is a condition of bringing an action for enforcement, and the approximate location of the sewer is a specifically designated element of that notice. We conclude, accordingly, that the written notice which omitted that element did not satisfy the condition prerequisite to plaintiff's right to institute this action. *Specht v Detroit,* 20 Mich 168 (1870).

The plaintiff contends that the deficiency in the written notice should not preclude its right to pursue this action for enforcement, because the defendants had actual notice of the location of the sanitary sewer system. Attached to plaintiff's motion for summary judgment in the trial court was the affidavit of the assistant chief engineer of the Oakland County Drain Commission indicating that on December 9, 1981, nearly three months before the complaint in the case at bar was filed, defen-

dant John R. Ferris visited the affiant's office and was shown drawings which indicated the exact location of the sewer in relation to his home.

The statute and ordinance prescribe a form of notice requiring that the specified elements of notice be combined in a single written communication to the property owner. We decline to construe that unambiguous provision in a manner that would permit notice to be accomplished in some alternate fashion. Accordingly, the judgment in defendants' favor is affirmed for want of the notice prescribed by statute and ordinance. We note, however, that this result does not preclude an action for enforcement by the plaintiff after the giving of notice in the proper form.

No cost, neither party having prevailed in full.